UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    EDCV 13-01010 GHK (SS)               Date: July 30, 2013
                                                 Page 1 of 3

Title:    Randy David Warren v. E. Valenzuela, Warden

================================================================

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

================================================================

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS)**

On May 22, 2013,[1] Randy David Warren ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Petition at 5D & 8). However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule as the date Petitioner signed the Petition, May 22, 2013. (Petition at 5D & 8).

v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A conviction becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner filed for direct review with the California Court of Appeal on May 25, 2001. (See California Appellate Courts Case Information Website, 4th Appellate District, Division 2, Case No. E029758, http://appellatecases.courtinfo.ca.gov). The California Court of Appeal denied Petitioner's appeal on May 31, 2002. (Id.). Petitioner does not appear to have filed for review with the state supreme court on direct appeal. (See Petition at 3). Therefore, Petitioner's conviction became final on July 30, 2002, sixty days after the California Court of Appeal entered judgment. See Cal. Ct. R. 8.308(a) (allowing sixty days to appeal a criminal conviction). Under 28 U.S.C. § 2244(d)(1), the AEDPA limitations period began to run on July 31, 2002 and expired on July 31, 2003. The instant federal Petition was filed on May 22, 2013. It is thus untimely by nine years, nine months, and twenty-two days, absent tolling.

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral

review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the tolling provision does not apply if a state habeas petition is filed after the limitations period has already expired. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has [already] ended"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing state habeas petition after the AEDPA limitations period expired "resulted in an absolute time bar to refiling after [petitioner's] state claims were exhausted").

Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled."). Here, it appears that Petitioner filed two state habeas petitions. On November 17, 2003, one hundred and nine (109) days after the statute of limitations began to run on July 31, 2003, Petitioner filed a habeas petition with the Supreme Court of California. (See California Appellate Courts Case Information Website, Case No. S120656, http://appellatecases.courtinfo.ca.gov). The state supreme court denied that petition on September 22, 2004. (Id.). Even assuming that Petitioner is entitled to statutory tolling during the time his habeas petition was pending in the California Supreme Court, the statute of limitations began running again on the date the supreme court rendered its decision and expired two hundred and fifty-six (256) days later, i.e., on June 5, 2005. However, because June 5, 2005 was a Sunday, the statute of limitations continued for one more day and finally expired on June 6, 2005. Fed. R. Civ. P. 6(a)(1)(C). Petitioner's only other state habeas petition was filed with the state supreme court on February 28, 2013, seven years, eight months, and twenty-two days after the statute of limitations had already expired. (See Petition at 4; see also California Appellate Courts Case Information Website, Case No. S209043, http://appellatecases.courtinfo.ca.gov). Therefore, Petitioner does not appear entitled to statutory tolling.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). Petitioner is advised, however, that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed because it is barred by the statute of limitations. Petitioner is advised to inform the Court of any reason that he may be entitled to statutory and/or equitable tolling.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However,**

**Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                               Initials of Deputy Clerk  mr